IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BLOOMBERG L.P.**, <br> 731 Lexington Ave <br> New York, NY 10022 <br><br> **Plaintiff,** <br><br> v. <br><br> **CENTERS FOR DISEASE CONTROL AND PREVENTION,** <br> 395 E Street, S.W. <br> Suite 9100 <br> Washington, D.C. 20201 <br><br> **U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES,** <br> 200 Independence Ave., S.W. <br> Washington, D.C. 20201 <br><br> **Defendants.** | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

1.  Plaintiff BLOOMBERG L.P. brings this suit to force Defendants CENTERS FOR DISEASE CONTROL AND PREVENTION and U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES to produce records regarding the donation of oocytes for use in assisted reproductive technology treatments. The CDC refused to release clinic-level data regarding types of complications experienced by donors in the stimulation and retrieval process, claiming, without evidence, that disclosing even the names of clinics or total number of complications could identify patients and violate their privacy. However, as set forth below, the records sought cannot be used to identify any individual patient—nor is there any FOIA exemption available to Defendants to justify withholding these records.

2. Indeed, there is great value in making the records publicly available. The CDC publishes similar data regarding assisted reproductive technology treatments that result in successful pregnancies. Plaintiff seeks analogous data regarding complications. Production of the records sought here will serve CDC's stated goal of "monitor[ing] the safety and effectiveness of ART procedures in the United States." *See* https://www.cdc.gov/art/nass/index.html.

## PARTIES

2. Plaintiff BLOOMBERG L.P. is the owner and operator of Bloomberg News. Bloomberg's newsroom of more than 2,700 journalists and analysts delivers thousands of stories a day, producing news content that is featured across multiple platforms, including digital, TV, radio, streaming video, print, and live events. BLOOMBERG L.P. is the FOIA requester in this case.

3. Defendant CENTERS FOR DISEASE CONTROL AND PREVENTION is a federal agency and is subject to the Freedom of Information Act, 5 U.S.C. § 552.

4. U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES is a federal agency and is subject to the Freedom of Information Act, 5 U.S.C. § 552. HHS is the parent agency of CDC.

## JURISDICTION AND VENUE

5. This case is brought under 5 U.S.C. § 552(a)(4)(B) and presents a federal question conferring jurisdiction on this Court. *See* 28 U.S.C. § 1331.

6. Venue is proper under 5 U.S.C. § 552(a)(4)(B).

## BACKGROUND

7. Under the Fertility Clinic Success Rate and Certification Act of 1992 (106 U.S. Stat. 3146), clinics must report data about Assisted Reproductive Technology (ART) cycles performed in fertility clinics in the United States. *See* https://www.cdc.gov/art/nass/index.html.

8. CDC maintains a database titled the National ART Surveillance System, which houses data from about 500 fertility clinics across the country.

9. Clinics electronically enter or import data into CDC's database for every ART procedure that they start in a given reporting year. *Id.*

10. An August 26, 2015 notice published by CDC titled "Reporting of Pregnancy Success Rates From Assisted Reproductive Technology (ART) Programs" requires ART programs to report a number of data fields to the CDC, including "complications of stimulation and retrieval." 80 Fed. Reg. 51811 (Aug. 26, 2015).

11. According to the National ART Surveillance System website, CDC "collects the data from all fertility clinics in the United States and calculates standardized success rates for each clinic," which it then publishes to "give[] a potential ART user an idea of their average chances of success." *See* https://www.cdc.gov/art/nass/index.html.

12. The Fertility Clinic Success Rate and Certification Act of 1992 states that pregnancy success rates for ART programs are calculated by dividing the number of pregnancies which resulted in live births by the number of ovarian stimulations attempted by such programs. Success rates for oocyte retrieval procedures are calculated similarly. 106 U.S. Stat. 3146 Sec. 2(b)(2).

13. Under the Fertility Clinic Success Rate and Certification Act of 1992, maternal health complications are not a direct factor in evaluating pregnancy success rates for ART or oocyte retrieval procedures.

14. CDC publishes data regarding total ART cycles and total successful pregnancies in a given reporting year on its website.

15. CDC does not publish or otherwise share with the public the surveillance data it collects from fertility clinics regarding complications from stimulation and retrieval procedures.

## MARCH 13, 2024 FOIA REQUEST TO CDC

16. On March 13, 2024, Plaintiff submitted a FOIA request to CDC for the following records:

> We are seeking records in the CDC's possession that describe the donation of oocytes for use in assisted reproductive technology treatments. The records are part of the CDC's national Assisted Reproductive Technology surveillance data. This request is limited to records from January 1, 2017 to the date the search for responsive records is conducted.
>
> Pooja Gala in the CDC Division of Media Relations confirmed that responsive records exist. They are also described in the Federal Register.
>
> Specifically, we are requesting records that include but are not limited to the following fields. For each cycle, please provide:
>
> Year; Facility/Clinic ID; Facility Name; Facility Address; Oocyte Source Information; Age; Country of residence; Race; Intended Cycle Information; Intended type of cycle (IVF, GIFT, ZIFT, Oocyte or embryo banking); Intended Oocyte Source (Patient, Donor); Cycle Information; Type of Cycle (IVF, GIFT, ZIFT, Oocyte or embryo banking); Embryo Source (Patient, Donor); Patient History; Height; Weight; History of Prior ART (Fresh & Frozen); Maximum FSH Level (mIU/mL); Recent AMH Level (ng/mL); Date of most recent AMH Level; Details of Stimulation and Retrieval; Stimulation protocol (e.g. use of hCG medication, GnRH agonist suppression, GnRH antagonist suppression, etc.); manipulations with oocytes/embryos; cycle cancellation and reason (if applicable); complications (if applicable); Number of patient oocytes retrieved; Number of donor oocytes retrieved; Use of oocytes (e.g. Oocytes shared with other patients); Number of oocytes/embryos cryopreserved.

17. A true and correct copy of the original FOIA request is attached as Exhibit 1.

18. On March 19, 2024, CDC acknowledged receipt of the request and assigned reference number #24-00809-FOIA to the matter. CDC denied Plaintiff's request for expedited processing, placed the request in the complex processing queue, and cited unusual circumstances as a basis for extending its timeline to respond to the request.

19. A true and correct copy of the acknowledgement letter is attached as Exhibit 2.

20. On April 10, 2024, CDC stated that the records were "protected by an Assurance of Confidentiality (AOC) under the Public Health Act Section 308(d)" and, as such, any information the CDC could "legally provide under FOIA must be so heavily redacted that it will be of virtually no use." CDC said that information "on a more summary level" could be released to "specially approved guest researchers outside of the FOIA process" and referred Plaintiff to the Division of Reproductive Health to confer about the requested data.

21. A true and correct copy of the April 10, 2024 response is attached as Exhibit 3.

22. On April 17, 2024, Plaintiff conferred with CDC's Division of Reproductive Health over the phone to discuss information that the Division of Reproductive Health might be willing to provide.

23. On April 23, 2024, CDC administratively closed Plaintiff's FOIA request "because [Plaintiff] agreed to work directly with Division of Reproductive Health to obtain releasable data that can be furnished outside of the FOIA process."

24. A true and correct copy of that correspondence is attached as Exhibit 4.

25. On May 2, 2024, Plaintiff appealed the administrative closing of the request.

26. A true and correct copy of the May 2, 2024 appeal is attached as Exhibit 5.

27. On May 3, 2024, CDC re-opened the FOIA request for processing.

28. A true and correct copy of the May 3, 2024 correspondence is attached as Exhibit 6.

29. Plaintiff then conferred with CDC's Division of Reproductive Health about information the Division of Reproductive Health might be willing to provide.

30. On June 14, 2024, CDC's Division of Reproductive Health released three tables of data to Plaintiff. The data did not include all records responsive to Plaintiff's FOIA request.

31. A true and correct copy of the tables provided by the Division of Reproductive Health is attached as Exhibit 7.

32. On July 8, 2024, CDC closed Plaintiff's request, noting in a letter that Plaintiff "may re-submit this request if [it] feel[s] the data [it] received is insufficient to satisfy [the] request" and adding that "virtually all data on this topic is precluded from release under FOIA."

33. A true and correct copy of CDC's July 8, 2024 letter is attached as Exhibit 8.

34. On September 20, 2024, Plaintiff administratively appealed that response, noting that while Plaintiff agreed to work with program staff to obtain data, it did not waive its right to pursue responsive records through FOIA. Plaintiff further noted that the data CDC provided was "limited in scope," did not satisfy the original request, and did not address foreseeable harm as required.

35. A true and correct copy of that appeal is attached as Exhibit 9.

36. On September 24, 2024, CDC acknowledged receipt of the appeal and assigned case number 2024-00283-A-PHS to the matter.

37. A true and correct copy of CDC's September 24, 2024 letter is attached as Exhibit 10.

38. CDC did not send any further correspondence to Plaintiff regarding this request.

39. As of the date of this filing, CDC has not issued a determination on Plaintiff's administrative appeal.

40. As of the date of this filing, CDC has failed to make all responsive records promptly available to Plaintiff.

## COUNT I – CDC'S FOIA VIOLATION

41. The above paragraphs are incorporated by reference.

42. Plaintiff's FOIA request seeks the disclosure of agency records and was properly made.

43. Defendant CDC is a federal agency subject to FOIA.

44. Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

45. Defendant CDC has failed to conduct a reasonable search for records responsive to the request.

46. Defendant CDC has failed to issue a complete determination within the statutory deadline.

47. Defendant CDC has failed to produce all non-exempt records responsive to the request.

**WHEREFORE**, Plaintiff asks the Court to:

i. declare that Defendants have violated FOIA;

ii. order Defendants to conduct a reasonable search for records and to produce the requested records promptly;

iii. enjoin Defendants from withholding non-exempt public records under FOIA;

iv. award Plaintiff attorneys' fees and costs; and

v. award such other relief the Court considers appropriate.

Dated: November 26, 2024

RESPECTFULLY SUBMITTED,

*/s/ Matthew V. Topic*

Attorneys for Plaintiff
BLOOMBERG L.P.

Matthew Topic, D.C. Bar No. IL0037
Stephen Stich Match, D.C. Bar No. MA0044
Merrick Wayne, D.C. Bar No. IL0058
LOEVY & LOEVY
311 North Aberdeen, 3rd Floor
Chicago, IL 60607
312-243-5900
foia@loevy.com