UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BLOOMBERG L.P., <br><br> Plaintiff, <br><br> v. <br><br> U.S. CENTERS FOR DISEASE CONTROL AND PREVENTION, et al., <br><br> Defendants. | Civil Action No. 24-3343 (JEB) |

## ANSWER

Defendants, U.S. Centers for Disease Control and Prevention ("CDC") and U.S. Department of Health and Human Services ("HHS") (collectively, "Defendants"), by and through undersigned counsel, respectfully submit this Answer to the Complaint (ECF No. 1) filed by Plaintiff Bloomberg L.P. under the Freedom of Information Act ("FOIA").

To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendants may refer to such materials for their accurate and complete contents in response; however, Defendants' references are not intended to be, and should not be construed to be, an admission that the cited materials are: (a) correctly cited or quoted by Plaintiff; (b) relevant to this, or any other, action; or (c) admissible in this, or any other, action. Defendants expressly deny all allegations in the Complaint, including the relief sought, that are not specifically admitted to or otherwise qualified in this Answer. Defendants respond to the Complaint in like numbered paragraphs as follows:

1.      This paragraph consists of Plaintiff's characterizations of its lawsuit and conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants only admit that Plaintiff has sought, through a FOIA request, records from CDC.

2.      To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

## PARTIES[1]

2.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in the first sentence of the second paragraph numbered "2."[2] Defendants admit the allegations in the second sentence of this paragraph.

3.      Defendants admit that CDC is a federal agency within the meaning of the FOIA and is subject to the terms and limitations of FOIA.

4.      Defendants admit HHS is a federal agency within the meaning of the FOIA and is subject to the terms and limitations of FOIA.  Defendants deny the second allegation contained in this paragraph, and aver that CDC is an operating component within HHS.

## JURISDICTION AND VENUE

5.      This paragraph does not contain allegations of fact but rather conclusions of law regarding jurisdiction, to which no response is required.  To the extent a response is deemed required, Defendants admit that the Court has jurisdiction over claims involving proper FOIA requests, subject to the terms and limitations of the FOIA.

---

[1]     For ease of reference, Defendants replicate the headings contained in the Complaint. Although Defendants believe that no response is required to such headings, to the extent a response is required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

[2]     This answer follows the numbering in Plaintiff's Complaint, and thus because the Complaint contains two paragraphs numbered "2," so too does this Answer.

6.      This paragraph does not contain allegations of fact but rather conclusions of law regarding venue, to which no response is required.  To the extent a response is required, Defendants admit that venue lies in this judicial district for a proper claim under FOIA.

## BACKGROUND

7.      This paragraph consists of Plaintiff's characterizations of a statute and conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants aver that the statute is the best evidence of its contents and respectfully refer the Court to the statute for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

8.      Defendants admit the allegations in this paragraph.

9.      Defendants admit the allegations in this paragraph.

10.     Defendants admit the allegations in this paragraph.

11.     This paragraph consists of Plaintiff's characterizations of a website and conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants aver that the website is the best evidence of its contents and respectfully refer the Court to the website for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

12.     This paragraph consists of Plaintiff's characterizations of a statute and conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants aver that the statute is the best evidence of its contents and respectfully refer the Court to the statute for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

13.     This paragraph consists of Plaintiff's characterizations of a statute and conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants

aver that the statute is the best evidence of its contents and respectfully refer the Court to the statute for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

14.    Defendants admit the allegations in this paragraph.

15.    Defendants admit the allegations in this paragraph.

### MARCH 13, 2024 FOIA REQUEST TO CDC

16.    Defendants admit that Plaintiff submitted a FOIA request dated March 13, 2024. Defendants aver that the FOIA request is the best evidence of its contents and respectfully refer the Court to the FOIA request for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

17.    Defendants admit the allegations in this paragraph.

18.    Defendants admit that CDC acknowledged Plaintiff's FOIA request.  Defendants aver that the correspondence is the best evidence of its contents and respectfully refer the Court to the correspondence for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

19.    Defendants admit the allegations in this paragraph.

20.    Defendants admit that CDC sent Plaintiff a letter dated April 10, 2024.  Defendants aver that the correspondence is the best evidence of its contents and respectfully refer the Court to the correspondence for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

21.    Defendants admit the allegations in this paragraph.

22.    Defendants admit the allegations in this paragraph.

23.    Defendants admit that a final determination letter dated April 23, 2004, was sent to Plaintiff.  Defendants aver that the correspondence is the best evidence of its contents and

respectfully refer the Court to the correspondence for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

24-31.    Defendants admit the allegations in these paragraphs.

32.    Defendants admit that a final determination was sent to Plaintiff.  Defendants aver that the correspondence is the best evidence of its contents and respectfully refer the Court to the correspondence for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

33.    Defendants admit the allegations in this paragraph.

34.    Defendants admit that Plaintiff appealed Defendants' final determination. Defendants aver that the appeal is the best evidence of its contents and respectfully refer the Court to the appeal for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

35.    Defendants admit the allegations in this paragraph.

36.    Defendants admit that Plaintiff's appeal was acknowledged.  Defendants aver that the acknowledgment is the best evidence of its contents and respectfully refer the Court to the acknowledgment for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

37.    Defendants admit the allegations in this paragraph.

38.    Defendants admit the allegations in this paragraph.

39.    Defendants admit the allegations in this paragraph.

40.    Defendants deny the allegations in this paragraph.

## COUNT I – CDC's FOIA VIOLATION

41.    Defendants reallege and incorporate by reference all of the preceding paragraphs of this Answer as if fully stated herein.

42.     This paragraph consists of Plaintiff's characterizations of its lawsuit and conclusions of law, to which no response is required.  To the extent a response is deemed required, Defendants only admit that Plaintiff has sought, through a FOIA request, records from CDC.

43.     Defendants admit that CDC is a federal agency within the meaning of the FOIA and subject to the terms and limitations of FOIA.

44-47.     Defendants deny the allegations in these paragraphs.

## PRAYER FOR RELIEF

The remaining paragraphs set forth Plaintiff's prayer for relief, to which no response is required.  To the extent a response is deemed required, Defendants deny that Plaintiff is entitled to the relief requested or to any relief whatsoever.

## DEFENSES

Defendants reserve the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to this Complaint become known to Defendants through the course of this litigation.  Defendants do not assume the burden of proving any of these defenses or elements of them where the burden is properly placed on Plaintiff as a matter of law.

## FIRST DEFENSE

Plaintiff is not entitled to compel the production of any record or portion of any record protected from disclosure by one or more of the exclusions or exemptions to the FOIA.

## SECOND DEFENSE

This Court lacks subject matter jurisdiction over any of Plaintiff's requests for relief that exceed the relief authorized by FOIA.

## THIRD DEFENSE

Defendants' actions or inactions did not violate the FOIA or any other statutory or regulatory provision.

## FOURTH DEFENSE

Defendants conducted an adequate search for documents responsive to Plaintiff's FOIA request.

## FIFTH DEFENSE

Defendants have not improperly withheld records requested by Plaintiff under FOIA.

## SIXTH DEFENSE

To the extent the Complaint alleges background facts unnecessary to the consideration of Defendant's response to the FOIA request at issue, the Complaint violates Rule 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim.  The Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f).  *See Mich. Immigr. Rts. Ctr. v. Dep't of Homeland Sec.*, Civ. A. No. 16-14192, 2017 WL 2471277, at *3 (E.D. Mich. June 8, 2017) (deeming stricken under Rule 12(f) background facts alleged in a FOIA complaint: "In this unique context, requiring Defendants to answer allegations in Plaintiffs' complaint that they would not otherwise be required to answer, and that are not material to Plaintiffs' FOIA claim, would prejudice Defendants."); *Robert v. Dep't of Just.*, Civ. A. No. 05-2543, 2005 WL 3371480, at *11 (E.D.N.Y. Dec. 12, 2005) (striking allegations of background facts; concluding that plaintiff's "allegations are irrelevant to the validity of [his] FOIA claims").

## SEVENTH DEFENSE

Plaintiff is neither eligible nor entitled to attorney's fees or costs in this matter

\*      \*      \*

Dated: January 31, 2025

Respectfully submitted,

EDWARD R. MARTIN, JR., D.C. Bar #481866
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By: _____ */s/ Stephanie R. Johnson* _____
    STEPHANIE R. JOHNSON,
        D.C. Bar # 1632338
    Assistant United States Attorney
    Civil Division
    601 D Street, NW
    Washington, DC 20530
    (202) 252-7874
    Stephanie.Johnson5@usdoj.gov

*Attorneys for the United States of America*